## M. W. NEAL *v.* DAVID ELMS.

**Homestead—Evidence.**

> One cannot claim a homestead in the land of another, and where the court finds from the evidence that such land does not belong to the claimant of a homestead, the Court of Appeals will not reverse such finding on the mere weight of the evidence.

### APPEAL FROM BUTLER CIRCUIT COURT.

December 6, 1877.

OPINION BY JUDGE PRYOR:

The only question in this case is one of fact, and we think the preponderance of the testimony is with the appellee. It is not to be presumed that all the witnesses of the appellant have committed perjury, although their general characters for truth have been questioned by many of their neighbors. A man of bad character may nevertheless tell the truth, and when he gives facts and circumstances corroborating his statements a chancellor or juror may confide in the statements made. Now it is shown by the character of the removal from the one farm to the other that it was only temporary. Nearly all the goods and stock owned by both the father and son was left on their respective farms, and the land in which the alleged homestead is said to have been claimed belonged to the

49

son, and not to the father, and was then subject to a mortgage debt that the father was unable to pay.

It was rather singular, then, that he should surrender his homestead, about which there was no controversy, and claim a homestead in land belonging to another and over which there was, in addition, a mortgage that must necessarily oust him if it proved the homestead. This mortgage may not pass the homestead, however, but if not the land did not belong to him, and how he could assert such a claim to the son's land is difficult to perceive. If he did, it was the result of an imbecile mind that shielded him from responsibility. The opinion is not made to depend upon his claim to a homestead in the farm upon which his son lived, as the proof abundantly shows that he was not entitled to the homestead right now asserted, for the reason that he had never abandoned nor removed from the premises. The creditor so regarded it, and made a contract with parties by which they were to step in and litigate appellee's right, and, as purchasers, were not to pay anything if they failed to oust the appellee from his home. He could not have been advised by counsel that he could obtain nothing in the event the purchasers failed to get title. They bought appellee's land under the execution; the sheriff did not warrant the title either in his own name or that of the creditor. The execution was satisfied to the extent of the purchase, and the plaintiff in the execution could have collected his money in the absence of the agreement. His recollection must have been as much in fault as to the advice given as it seems to have been in reference to his contract with the purchasers. The judgment is *affirmed*.

*M. W. Neal, B. L. D. Guffy, for appellant.*

*L. J. Smith, for appellee.*